# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR175** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **TINA MORROW,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 186), and the Defendant's motions for downward departure and variance (Filing Nos. 182, 184).[1]  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the quantity of controlled substance attributable to the Defendant in ¶ 37 and the base offense level 28, as well as to the absence of a role reduction in ¶ 39.  The plea agreement recommends: a base offense level of 26 based on a quantity of at least 10 but less than 40 grams of pseudoephedrine; and the application of at least a minor role adjustment.  The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld. To the extent that the Defendant argues that a minimal role is appropriate, this issue may be addressed at sentencing with the defense having the burden by a preponderance of the evidence.

The objection to ¶ 101 is denied, as the probation officer is entitled to state an opinion as to whether the officer believes that grounds exist for a departure.

---

[1] Also, the Court granted the Defendant leave to file a supplemental motion for downward departure on or before May 7, 2009.  (Filing No. 193.)

IT IS ORDERED:

1. The Defendant's Objection to ¶ 37 of the PSR (Filing No. 186) is granted;

2. The Defendant's Objection to ¶ 39 of the PSR (Filing No. 186) is granted insofar as the Defendant is recognized as having a minor role in the offense. If the defense wishes to argue for a minimal role, that issue will be heard at sentencing;

3. The Defendant's objection to ¶ 101 of the PSR is denied;

4. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

5. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

6. Absent submission of the information required by paragraph 5 of this Order, my tentative findings may become final;

7. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

8. The Defendant's motions for downward departure and variance (Filing Nos. 182, 184) and the anticipated supplemental motion will be heard at sentencing.

DATED this 4th day of May, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge